We'll move to our next case this morning, and that is Robbins v. Med-1 Solutions. All right, and Mr. Duff, you may proceed. Thank you, Your Honor. If it please the court, my name is Robert Duff, and I represent the plaintiff, Ian Robbins. Section 1692 F-1 of the FDCPA prohibits a debt collector from attempting to collect any fee incidental to the principal obligation, unless the amount is expressly authorized by the agreement creating the debt or permitted by law. In the case of Turner v. JVDB & Associates, this court explained that whether the collection of an incidental fee violates the subsection depends solely on two factors, whether the debt agreement explicitly authorizes the charge or whether the charge is permitted by law. It is undisputed Med-1 attempted to collect fees on fees from Ms. Robbins. It is also- So, Mr. Duff, maybe you can engage in the district court's rationale here, the magistrate, Judge Baker, who sees this, number one, as a question of contract interpretation, and number two says, just as a sensible way of interpreting this contract, which does provide for attorneys fees in addition to the debt collection, he says fees on fees are justified because it would be inconsistent to dilute a fees award by refusing to, I'm quoting, by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to a fee. So he interprets the contract to encompass full recovery of the debt and full recovery of the expenses of collection. What's wrong with that? That's correct, Judge, in doing so, and literally the magistrate judge's analysis is one sentence. Well, it's in context. He builds it up. He says, this is a contract. He isn't saying it comes out of the blue, but the parties, she agreed to this when she signed that contract. In support, he cites an FDCPA case, and the rationale for awarding fees on fees is different when you have a fee-shifting provision statute like the FDCPA. What's wrong with contractual fee-shifting? Well, the Indiana law says that when you have contractual fee-shifting, it's limited to the terms of the contract, and our position is that the contract does not speak and permit the recovery of fees on fees, and it's not appropriate for the court to assess, well, in order for the party to make a full recovery, we need to award fees on fees. That's purely a matter of contract under Indiana law, and it's not appropriate to make that jump the same way that it is when there's a fee-shifting. It's also undisputed in this case that no Indiana law permitted MedOne to collect any attorney fees, so the issue before the court is whether the agreement creating the debt allowed MedOne to attempt to collect fees on fees. Ms. Robbins submits that the terms of the agreement, as we just discussed in this case, do not permit the recovery of fees on fees, but looking at the specific language, it's unnecessary because the issue has already been decided here in federal and state court. The Rule 41E dismissal of MedOne's state court complaint conclusively determined that Ms. Robbins did not owe fees on fees. That determination is entitled to preclusive effect in federal court. Mr. Duff, how do you respond to the counter-argument with regard to the confusion here between race judicata and collateral stop? Yes, Your Honor, I think the issue is that the claim preclusion applies in this case, and I think the MedOne's sole argument that claim preclusion doesn't apply is that the claim made in this case, the FDCPA claim is different than the claims that were made in the Marion County Superior Court, but despite the moniker of claim preclusion, Indiana law is clear that it applies to issues as well as claims. Well, this is what- But it can't be called offensively. Claim preclusion is a defense. You can use issue preclusion offensively according to preclusion doctrine, but not res judicata. You're relegated to issue preclusion, and this issue wasn't resolved. If- I would respect- You've got a good res judicata defense if MedOne ever tries to collect these fees on fees from your clients, it's a complete defense, but you're attempting to use res judicata offensively, and the doctrine doesn't permit that. I would respectfully disagree, Judge. Under Indiana law, and I think the language of that recent VB versus Indiana Department of Child Services case doesn't distinguish at all between offensive and defensive use of it, or the alignment of the parties. So the Indiana Supreme Court said in that case, I quote, where there has been a final adjudication on the merits of the same issue between the same parties, it, claim preclusion applies. And I'm gonna quote again, a particular issue, a claim preclusion applies when a particular issue is adjudicated, and then put an issue in a subsequent suit on a different cause of action between the same parties or the privies. So I would submit that under Indiana law, there is no law that limits the use of claim preclusion defensively only. What was the procedural context of that case? Of the VB, in that case, there were subsequent... Preclusion doctrine being used offensively or defensively? It was being used defensively in that case. Right, so that case is not a response to my question. Well, again- It can't be bred through to kind of offensively, you can use issue preclusion, collateral estoppel offensively or defensively, but res judicata is, in other words, claim preclusion is the defense alone. And Your Honor, I cannot cite you a case otherwise, I can just simply- Right, that makes my point. Go to the language- You won't find one. And the restatement of judgments is clear on that issue as well. So it's sort of a universally accepted rule of preclusion doctrine. Then I'll move on to the- There's some imprecise language in the state law cases, interchanging the word claims and issues, but you won't find a case where res judicata can be used offensively. I'm not aware of one. Well, I would simply- Maybe to your merits argument, you only have a couple minutes left. Yes, Your Honor. If, in fact, that's the case and that claim preclusion is an applicant, the language of the agreement still compels the conclusion that fees on fees were not authorized. I'd like to note at the outset of this section, my argument that section 1692 F1 prohibits the collection of any incidental fee unless it is, quote, expressly authorized by the agreement. Fees on fees are certainly not expressly authorized by the language here. MedOne admits in its brief that Ms. Robbins is correct if the contract is properly read as permitting, quote, costs of collection of such charges. Ms. Robbins submits that is exactly how it has to be read. If it's not, what are costs of collection limited to? In the context of the agreement, it has to be such charges. The term charges appears four times in the prior two paragraphs. It is clear charges is referring to the cost of medical services. For instance, the agreement says, quote, actual charges will be determined based on the services I receive and may be more or less than the estimate, unquote. The plaintiff appellant's position is that the contract only provides for the recovery of the cost of collection of such charges, not the cost of collection of attorney fees incurred collecting attorney fees. For the foregoing reasons, I would respectfully request that this court reverse the district court's grant of summary judgment to MedOne and remain for the entry of judgment in favor of Ms. Robbins. I'd like to reserve my remaining time for rebuttal. Thank you. Mr., is it Levi or Levy? Thank you, Your Honor. May it please the court. The question presented here is very simply whether MedOne solution violated the FDCPA when it asks an Indiana court to reduce an unliquidated claim for attorney's fees to judgment where there is no dispute that there is a contract that provides for fee shifting and there is no dispute that Ms. Robbins owes at least something under the agreement and contests only as to the amount. There's no dispute that Ms. Robbins owed the bills in this case. There is no dispute that Ms. Robbins signed the contract in this case and that that contract provides that if I do not pay charges when due, I agree to pay costs of collection, including attorney's fees. And there is no dispute on the appeal that she now concedes she owes at least something under that contract. The dispute is simply whether Indiana law would permit MedOne to recover all of the attorney's fees that it sought from the state court had that case proceeded all the way to final judgment on her appeal to the Superior Court. I have a question about that appeal. Why didn't MedOne solutions appear at that Marion County Superior Court hearing? Go ahead. It's not in the record, Your Honor, and I do not know the answer to that question. And even if I did, I don't know if I could answer that. I think that there was a failure to appear and the judge dismissed it. And that's all that we have in the record in this case. But it's not a material point here because the dismissal as noted is not dispositive. Indiana does not grant offensive use of a rule 41 motion on the dismissal. And here, if I could make a point that we think sort of pulls everything on the collateral and stop with the judgment issue together. If you follow this argument to its logical end, a debt collector can never dismiss a contested case because you would be gifting the other side an argument that the debt was never valid to begin with. So in any collection action where there is a dispute between the debt collector and the consumer, if the debt collector decides to be pragmatic and say, we're not gonna pursue this anymore, let's dismiss. Unless they're able to secure a full release, this argument would then posit that the consumer was correct and there is no defense in the FDCPA claim. And the fact of that is that debt collectors could never dismiss litigation. And for all of the reasons in Chief Judge Sykes questioning, it cannot be used offensively here. Stepping back to the quote. That pragmatic decision is a reasonable background assumption in much of this kind of litigation. And indeed here, this is a fight over something like $1,700 and it's been going on for six years. As I understand the record. That is correct. I mean, although it's not in the record why MedOne walked away, I think there are logical inferences to be drawn. Certainly, and that dovetails into something that we cited in our brief, which is even if this were a collateral estoppel issue on the offensive side, it remains discretionary for the very reasons that you know, which is there are pragmatic reasons why the debt collector could have chosen to step away. But to Judge Brennan's question, that is not in the record and certainly we don't know why that occurred when it did. Well, under Indiana law, just to close the loop on this, a dismissal of this sort does not operate as issue preclusion. That is absolutely correct, Your Honor. The best decision that we have found to support that is the AFL-LABI, and I apologize if I'm mispronouncing that. AFL-LABI versus Atlantic Mortgage. It appears in both parties' briefing. In that case, the court dealt with both claim preclusion and issue preclusion. It applied different standards to both, and the Indiana Court of Appeals specifically held that issue preclusion cannot be predicated on a trial rule 41 dismissal because, and I quote the Indiana Court of Appeals, no issue was actually litigated. So certainly we think that that loop, to use your word, is closed and that this is going to have to be addressed on the merits. Quickly on the contract interpretation, the fundamental problem with the argument as we see it, and we certainly think the district court was correct, is that all of the policy reasons behind having fees on fees in consumer protection litigation or in statutory would apply to Indiana's contract. The argument, as I understand it, is okay, in a statutory fee-shifting situation, you would be entitled to fees on fees but that shouldn't be applied to Indiana contract law. And we would submit that all of the policy reasons behind fee-shifting would equally apply. The Indiana Supreme Court has been very clear that the idea of fee-shifting provisions and contracts is to make a party whole. And let's look at the specific facts in this case. Here, Ann Robbins did not know whether she owed these debts and she initially contested the lawsuit. She petitioned the court to do discovery, which is her right to do under Indiana small claims procedure and the court permitted it. She served discovery and those discovery responses showed that the debts belonged to her children. She acknowledged that she owed them and she paid the underlying balance. And then she says, but I don't owe any of the attorney's fees that are incurred, even though this has been actively litigated. There's nothing in Indiana law to suggest that the policy that the Supreme Court uses would obviate clear contractual language. And we do think the language here is very clear that the modification of the second clause, as Robbins argues, is not a fair reading of the contract. And we think that Judge Baker, his analysis is correct under Indiana contract law. But of course, that brings us back to why we're here, which is we're here on a federal statutory case,  And this dispute does not rise to the level of a FDCPA violation. And the reason for that is the Fields versus Wilber law firm decision that this court handed down, I believe in 2003 or 2004. It's a decision that's been on the books for a decade and a half. And it is a decision that is directly controlling here. In Fields versus Wilber law firm, this court held that a debtor who has contractually agreed to pay attorney's fees and collection costs, you may as a debt collector, send that debtor communication seeking to collect attorney's fees. And you may state a specific amount in attorney's fees that you're seeking to collect before that unliquidated claim has been reduced to judgment. That is not a violation of the FDCPA. As I understand the argument that Robbins presents, they have retreated a bit from the argument to the district court in their initial brief and are focusing on section 1692 F1. Section 1692 F1 of the FDCPA makes it a violation to seek to collect any charge that is not authorized by the underlying agreement or otherwise permitted by law. Section 1692 F1 is designed to prevent the collection of illegal fees. This agreement authorized the collection of attorney's fees. That is an undisputed point. There is nothing in the language of the statute or in the decisions of this court to suggest that 1692 F applies in a piecemeal fashion to unliquidated claims. And we would submit that here, the authorization is clear when it says you are authorized to seek collection costs and attorney's fees. If the authorization has to be the specific legal arguments and it is applied piecemeal to language in a contract, then the Fields versus Wilbur Law Firm decision is incorrect. And that reading is inconsistent with the decision. And we would certainly submit to the court that the Fields decision should trump the analysis that's been submitted. 1692 F1 is not a statute that applies in piecemeal. These attorney's fees were authorized by the agreement. Med One sought to reduce an unliquidated claim to a judgment. It did not make any false or misleading communications in attempting to do that. Even if it did, the record is clear that Ms. Robbins was not actually confused. And this is the very type of good faith dispute in state court litigation that is permitted to happen within the confines of the FDCPA. And there is no violation regardless of the outcome, whether it's a Rule 41 dismissal or whether it's on the merits. So unless the court has any other questions, I will yield the remainder of my time. Thank you. Thank you. Mr. Duff, you had 22 seconds left. Yes, Your Honor. I believe the Wilbur or the Fields case is not applicable here. I would cite to the Turner case that I've previously cited, the Shula versus Lomwent case. This is not the situation where there's an unliquidated request for attorney fees. It's undisputed that the Med One asked for fees that were fees on fees and not permitted under the terms of the agreement. I see that I'm out of time. Thank you. All right. Thank you very much. Our thanks to both counsel and the case is taken under advisement.